IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN and PAULA STEVENS                                              PLAINTIFFS

v.                              CASE NO. 4:15-cv-4041

FOREST RIVER, INC.                                                  DEFENDANT

## ORDER

Before the Court is Defendant's Motion to Dismiss. ECF No. 15. Plaintiffs have responded to the motion. ECF No. 17. The matter is ripe for the Court's consideration. For the reasons discussed below, Defendant's motion is granted.

## BACKGROUND

On June 26, 2013, Plaintiffs purchased a new 2014 Forest River Sierra 5th Wheel ("camper") from Mayflower RV in Malvern, Arkansas. The purchase price of the camper was $57,505.00. Plaintiff alleges that Defendant issued a limited written warranty to repair or replace parts defective in material and workmanship.

In November 2013, after a heavy rain, Plaintiffs noticed a leak in the camper. In December 2013, Plaintiffs returned the camper to Mayflower RV for repairs. After the camper was returned to Plaintiffs, the camper flooded the next time it rained. In June 2014, Mayflower RV kept the camper for over one month to repair the leak. According to Plaintiffs, the leak has not been properly repaired. Also, Plaintiffs have experienced other problems with the camper. On January 9, 2015, Plaintiffs demanded either the return of all money paid to Defendant for the camper or the replacement of the defective camper with a new one. Defendant refused the demand.

In May 2015, Plaintiffs filed their complaint in this Court. ECF No. 1. Counts one through four allege breach of written warranty, breach of implied warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness, all pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*. Count five alleges a negligence claim brought pursuant to state law. For each of the five counts, Plaintiffs' complaint demands reimbursement for diminution in value of the camper, incurred and/or needed costs of repair, out-of-pocket expenses, and travel expenses to and from the repair facilities; loss of use damages; attorney's fees; expert fees; court costs; any equitable relief to which Plaintiffs may be entitled; and all other relief deemed just and appropriate by the Court. The complaint does not specify an amount of damages sought.

## DISCUSSION

In its motion to dismiss, Defendant alleges that the Court lacks subject-matter jurisdiction over the claims in Plaintiffs' complaint. Rule 12(b)(1) allows the Court to dismiss claims over which it lacks proper subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Two types of subject-matter jurisdiction challenges exist under Rule 12(b)(1): "facial attacks" and "factual attacks." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015). "In a facial attack, 'the court merely [needs] to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction.'" *Id*. at 914-15 (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (8th Cir. 1980))." "[I]n a factual attack, 'the existence of subject matter jurisdiction [is challenged] in fact, irrespective of the pleadings.'" *Id*. (quoting *Menchaca*, 613 F.2d at 511). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Federal subject-matter jurisdiction exists when a claim arises under federal law. *See* 28 U.S.C. § 1331. The Magnuson-Moss Act allows a plaintiff to sue in federal court for breach of warranty, 15 U.S.C. § 2310(d)(1), provided that certain jurisdictional thresholds are met. Claims under the

Magnuson-Moss Act may only be brought in federal court if the amount in controversy reaches "the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit[.]" 15 U.S.C. § 2310(d)(3)(B).

Rule 8(a) states that a pleading must contain a "short and plaint statement of the grounds for the Court's jurisdiction." Fed. R. Civ. P. 8(a). Plaintiffs attempt to invoke federal question jurisdiction through the Magnuson-Moss Act by stating in their complaint that the Court "has subject-matter jurisdiction over this cause of action pursuant to 15 U.S.C § 2310(d)." ECF No. 1, p. 2. Plaintiffs, however, do not allege a specific amount of damages in the complaint. Plaintiffs also do not generally allege that the amount in controversy is equal to or greater than $50,000.00, the jurisdictional threshold imposed by the Magnuson-Moss Act. Therefore, the complaint, on its face, fails to satisfy the jurisdictional amount in controversy requirement.

Even if Plaintiffs' had sufficiently alleged a basis of subject-matter jurisdiction, it appears that the Court would still lack subject-matter jurisdiction over Plaintiffs' claims. The formula for calculating damages in a Magnuson-Moss Warranty Act case is this: the price of a replacement vehicle, minus both the present value of the allegedly defective vehicle and the value that the plaintiff received from the use of the allegedly defective vehicle. *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 406 (7th Cir. 2004); *Curry v. Pleasurecraft Marine Engine Co.*, 950 F. Supp. 2d 1057, 1059-60 (W.D. Mo. 2013). In the present case, neither party offers a dollar amount as to the value Plaintiffs received from the use of the defective camper, the camper's present value, or the price of a replacement vehicle. Plaintiffs, however, estimate the diminution of value damages to be $19,400.[1] ECF No. 15-1, p. 2.

Plaintiffs argue that their damages are in excess of the required threshold because they are seeking diminution of value damages ($19,400.00) plus the costs of needed repair, out-of-pocket

---

[1] Neither party offers a dollar amount as to the value Plaintiffs received from the defective camper or the camper's present value.

expenses, loss of use of the camper, and travel expenses to and from the repair facilities. Plaintiffs, however, do not cite to any warranty case in Arkansas that would allow them to seek a double recovery for diminution damages while also seeking the cost of repairing the alleged defects that purportedly caused the claimed diminution in value. Further, Plaintiff has not attempted to quantify the potential damages for out-of-pocket expenses, loss of use of the camper, and travel expenses. Thus, Plaintiffs' claims for these damages are too vague and speculative to rely on when determining the amount in controversy.[2] *See Curry*, 950 F. Supp. 2d at 1060. Plaintiff admits that attorney's fees, expert fees, and court costs are not calculated in the amount in controversy. Accordingly, assuming diminution in value damages of $19,400.00, Plaintiff would not be able to show that the amount in controversy is at least $50,000.00.

## CONCLUSION

Because the complaint fails to satisfy the jurisdictional amount in controversy requirement, the Court concludes that subject-matter jurisdiction does not exist in this case. Without subject-matter jurisdiction, there can be no supplemental jurisdiction to consider Plaintiffs' negligence claim pursuant to state law. Accordingly, Defendant's Motion to Dismiss (ECF No. 15) is **GRANTED**, and Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 7th day of June, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[2] The Court makes no determination as to whether these damages, if stated with more specificity, should be included in the amount in controversy.